PER CURIAM.
The appellant was the respondent to a petition to probate a will. In her response she alleged that she was the executrix and sole beneficiary of a later will and suggested the probate of this later will. The petitioner filed a reply to appellant’s response alleging that the second will was brought about by the exercise of undue influence on the decedent by the appellant. This appeal is from the order of the county judge which denied probate of the second will and admitted the prior will.
The county judge took extensive testimony. He made the following findings of fact:
“1. The deceased Anton F. Wirth died on January 26, 1958, a resident of Dade County, Florida, at the age of 92. That on April 6, 1951, the said Anton F. Wirth, then a resident of Village of Villa Park, State of Illinois, executed his Last Will and Testament wherein the petitioner, Adalbert H. Wirth, was named as chief beneficiary. The decedent, Anton F. Wirth, on December 11, 1951, while domiciled in the State of Illinois, executed a codicil to this Last will and Testament. In addition to the bequest to Adalbert H. Wirth set forth in the Will of April 6, 1951, and the Codicil of December 11, 1951, the decedent made certain specific pecuniary bequests to other relatives of the deceased. Both the .Last Will and Testament dated April 6, 1951, and the Codicil dated December 11, 1951, were introduced in evidence in this cause.
“2. Adalbert H. Wirth is a nephew of the deceased and was the closest living relative of the said deceased. Adeline Bartsch was a housekeeper who took up her residence in the home of the deceased, who was of the advanced age of 86 and a widower, on or about August 13, 1952. Mrs. Bartsch was approximately thirty years younger that the deceased. Mr. Wirth was not of unsound mind but suffered from the usual infirmities of advanced age and became dependent upon Adeline Bartsch for many of his normal everyday needs. The relationship between the decedent and Mrs. Bartsch was that of a confidential friend and housekeeper. The deceased reposed great confidence and trust in Mrs. Bartsch in addition to relying upon her for many of his daily physical needs.
“3. Mrs. Bartsch, approximately two weeks after she came to reside in the home of the deceased, obtained from Anton F. Wirth a deed to his home property in Villa Park where he had resided for approximately thirty years. The deceased ¡retained a life estate in said property. Mrs. Bartsch paid the sum of Nine Hundred Dollars ($900.00) for the said conveyance. The property was subsequently purchased by Adalbert H. Wirth for the sum of Six Thousand Dollars ($6,000.-00), which said money was paid to Mrs. Bartsch.
“4. The deceased Antón F. Wirth was born in Germany and had resided in the State of Illinois until on or about October 22, 1952, at which time Adeline Bartsch induced him to move to Florida. After being brought to Miami by Mrs. Bartsch 'he lived in a home owned by Mrs. Bartsch. He had no friends or relatives in this area and he could only look to Mrs. Bartsch as a person in whom he could place trust and confidence and from whom he could seek advice. New acquaintances which the deceased made after he moved to Miami were persons whom Mrs. Bartsch knew and whom she introduced to the deceased.
“5. Within four months after Anton F. Wirth came to live in the home of Mrs. Bartsch in Miami he advanced approximately Fifteen Thou *650 sand Three Hundred Dollars ($15,-300.00) to build a new house upon property owned by Mrs. Bartsch. In addition thereto he provided the funds for furnishing's and rugs to go in said home.
“6. Within four months after Anton F. Wirth came to live in the home of Mrs. Bartsch in Miami there was deposited in her individual account all income derived from stocks owned by Anton F. Wirth, which was his sole source of income. All new purchases of stock made by Anton F. Wirth from and after said time were made in the name of Adeline Bartsch. The securities which were the property of Anton F. Wirth were placed in the safety deposit box of Adeline Bartsch, which box was in her name alone and to which she alone had access.
“7. Within eight months after Adeline Bartsch brought Anton F. Wirth to live in her home in Florida there was purchased an automobile with his funds, title to which was placed in her name.
“8. During the years 1953 and 1954, certain of the stock owned by the deceased was sold and the proceeds were placed in the account of Adeline Bartsch. As of the date of the execution of the will dated August 18, 1954, there had been transferred into the name of Adeline Bartsch all of the worldly goods of Anton F. Wirth except the stock in two companies. At the time of the execution of the trust instrument on August 5, 1955, there remained in his name assets of only approximately Five Thousand Dollars ($5,000.00) all other assets having been heretofore transferred to the name of Adeline Bartsch.
“9. On September 30, 1953, Anton F. Wirth wrote a letter to his nephew requesting his nephew to have his attorney prepare a new Will. In that letter he requested that the nephew Adalbert H. Wirth receive all of his Estate. This letter stated that Adeline Bartsch had been 'paid off’ and that he wanted his nephew to receive everything. A will to this effect was prepared and mailed to the deceased at the residence of Adeline Bartsch. No explanation appears in the record concerning what became of this will. It is evidence, however, that it was his intention to make his nephew, Adalbert H. Wirth, his chief beneficiary and that his intention continued at least until September 30, 1953.
“10. On August 5, 1955, a trust agreement was entered into upon the advice of an accountant. At the time of the execution of this trust agreement Adeline Bartsch had obtained substantially all of the stock owned by the deceased. The securities were reconveyed to the deceased and placed in trust, paying the income to Mrs. Bartsch for life and upon her death and the death of Anton F. Wirth the trust went to the son of Mrs. Bartsch. The Circuit Court in and for Dade County, Florida, found that the trust agreement dated August 5, 1955, was obtained by undue influence upon Anton F. Wirth. At the trial of this cause the said Adeline Bartsch did admit that she had influenced Anton F. Wirth to execute the trust agreement, which she said she did because she thought it was for his best interests.
“11. The evidence indicates that during this period when Adeline Bartsch was taking care of the deceased she received and retained approximately Twenty Thousand Dollars ($20,000.00) in money in various forms and manners. In addition thereto she was maintained and supported from the income of securities of Anton F. Wirth.”
Based upon these findings the trial judge determined that: (1) the relationship be *651 tween Adeline Bartsch and Anton F. Wirth was of a confidential and fiduciary nature; and (2) the will offered by appellant was obtained by the exercise of undue influence upon the decedent by the appellant.
The appellant has argued two points. The first challenges the sufficiency of the evidence, the second, the relevancy of certain evidence.
In determining the sufficiency of the evidence we have been aided by the full findings of fact contained in the trial judge’s order. Our review of the record reveals evidence which we hold supports these findings. Appellant urges that the record contains uncontradicted evidence that the decedent was mentally competent at the time he made the later will. Thereupon it is argued the finding of undue influence is against the weight of the evidence.
This argument cannot prevail because a contention of undue influence concedes the existence of testamentary capacity. Gardiner v. Goertner, 110 Fla. 377, 149 So. 186. The record does not demonstrate a personality so strong that it could not be influenced.
Appellant’s second attack upon the order appealed is that the county judge erroneously received in evidence the findings of fact in the circuit court action between the same parties which declared the trust agreement to be void because of undue influence. (See paragraph numbered 10 of the quoted findings of fact). It is pointed out in argument that the trust agreement was executed a year after the will tendered by the appellant and rejected by the court.
Referring again to the record we discover that the decree of the circuit court was not admitted in evidence. The court allowed the reading of a paragraph from the decree but agreed with appellant that it was not binding upon the court in the issue before it. We need not discuss this conclusion of the trial judge. It is sufficient to hold that counsel for both parties stipulated that the court might “take judicial knowledge” of the decree.[1] Further, as noted by the trial judge in the quoted finding, the appellant admitted that she had influenced Anton F. Wirth to execute the agreement.
No reversible error having been demonstrated, the order of the county judge is affirmed.
Affirmed.

. Seo Kostecos v. Johnson, Fla.1956, 85 So.2d 594.